**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| SHANE E. VAIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. __2:26-cv-00573__<br>Hon. _____ |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

---

## COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES

Plaintiff, Shane E. Vaia ("Plaintiff" or "Taxpayer"), by and through undersigned counsel, files this Complaint against the Defendant, the United States of America, and alleges as follows:

### PARTIES

1.     Plaintiff, Shane E. Vaia, is an individual taxpayer and resident of Ohio.

2.     Defendant, the United States of America, is the proper party defendant in an action for the recovery of internal revenue taxes.

### JURISDICTION & VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422, as this is a civil action for the recovery of internal revenue taxes erroneously assessed and collected by the Internal Revenue Service ("IRS") for tax year 2024.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402, as Plaintiff resides in Franklin County, Ohio, which is within the Eastern Division of the Southern District of Ohio.

## CAUSE OF ACTION

**Theft Loss**

5. In 2023–2024, Plaintiff was the victim of a fraudulent investment scheme commonly referred to as a "pig butchering" scam.

6. Plaintiff was induced to transfer funds to what was represented as a legitimate investment platform.

7. Plaintiff was led to believe that the platform would generate substantial returns through cryptocurrency investments.

8. Over a period of approximately ten months, Plaintiff transferred approximately $824,740 to the platform through a series of transactions.

9. Plaintiff made these investments with the intent and expectation of earning a profit.

10. In May 2024, when Plaintiff attempted to withdraw a portion of the funds, access to the account was denied, and the perpetrators ceased communication.

11. The platform subsequently became inaccessible, and Plaintiff discovered that his funds had been stolen.

12. In June 2024, Plaintiff reported the fraud to law enforcement and regulatory authorities.

13. Plaintiff was informed that there was little to no prospect of recovering the stolen funds.

14. The loss was not compensated for by insurance or otherwise.

15. The perpetrators of the fraud have never been identified or apprehended.

16. No criminal charges have been filed in connection with fraud.

17. Plaintiff has not recovered any portion of the stolen funds.

18.　As of the close of tax year 2024, Plaintiff had no reasonable prospect of recovering any portion of the stolen funds.

**Amended Return and Refund Claim**

19.　On or about July 24, 2025, Plaintiff timely filed Form 1040-X, Amended U.S. Individual Income Tax Return, for tax year 2024, claiming a refund in the amount of $136,846.00 based on a theft loss deduction arising from the fraudulent investment scheme.

20.　Plaintiff had federal income tax withholdings of $136,846.00 for tax year 2024.

21.　Plaintiff reported the theft loss on Form 4684 (Casualties and Thefts), attached to the amended return.

22.　Plaintiff included a detailed written explanation of the fraudulent scheme and the legal basis for the theft loss deduction with the amended return.

23.　Plaintiff provided extensive supporting documentation with the amended return establishing his entitlement to the theft loss deduction, including transaction records, communications with the perpetrator, and reports to law enforcement authorities.

24.　The amended return constituted a valid and timely administrative claim for refund.

25.　On or around February 16, 2026, the IRS disallowed the refund claim, as reflected in the IRS account transcript for tax year 2024, attached hereto as Exhibit A.

**CLAIM FOR RELIEF**

26.　The IRS erroneously disallowed Plaintiff's theft loss deduction of $824,740.00 claimed on the 2024 amended return.

27.　As a result of the disallowance, the taxes, penalties, and interest assessed and collected for tax year 2024 were erroneous.

28. After allowance of the theft loss deduction, Plaintiff is entitled to a refund of $136,846.00, representing federal income tax withholdings applied to the erroneous assessment, together with statutory interest.

29. Plaintiff has satisfied all conditions precedent to bringing this action, including the filing of a proper administrative claim for refund.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the United States of America and award the following relief:

a. A refund in the amount of $136,846.00 for tax year 2024.

b. Statutory interest as provided by law.

c. Reasonable litigation fees and costs pursuant to 28 U.S.C. § 7430.

d. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Sean A. Stone*
Sean A. Stone (0100678)
**Tax Workout Group, P.A.**
175 S. Third St. Suite 200
Columbus, OH 43215
Tel: (937) 345-3335
Facsimile: (866) 511-2384
sstone@twg.law
*Counsel for Plaintiff*